# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| KATHERINE DEE FLETCHER, | Case No. 2:22-cv-01777-MMD-NJK |
| Plaintiff, | ORDER |
| v. | |
| DREESEN, *et al.*, | |
| Defendants. | |

**I.   DISCUSSION**

On July 17, 2023, this Court issued an order directing Plaintiff to file an amended complaint by August 14, 2023, or the Court would dismiss the action without prejudice. (ECF No. 66 at 2.) In response, Plaintiff filed nine different amended complaints (ECF Nos. 67, 70, 77, 79, 80, 81, 82, 97, 100), seven motions for injunctive relief (ECF Nos. 68, 83, 87, 88, 93, 94, 95), and eight miscellaneous motions seeking extensions of time, copies, and mediations (ECF Nos. 72, 73, 92, 98, 101, 102, 104, 105). During the middle of filing these motions, Plaintiff filed a notice of appeal. (ECF No. 84.) On December 15, 2023, the Ninth Circuit Court of Appeals dismissed the appeal for lack of jurisdiction because the orders appealed were not final or appealable. (ECF No. 106.) The Court now addresses Plaintiff's filings.

**A.   Amended Complaints**

The Court has reviewed Plaintiff's nine different "amended complaints" and finds that these amended complaints are not stand-alone documents. In some of the documents, Plaintiff writes "to be continued" at the end (ECF Nos. 67, 70, 79, 80), and then the next "amended complaint" appears to be additional thoughts, claims, or defendants that she would like to sue. Indeed, some of these "amended complaints" are only one to three pages long. (ECF Nos. 67, 70, 77, 82, 97, 100.)

Plaintiff has not properly filed an amended complaint. The Court will not piece together Plaintiff's nine different "amended complaints" to determine what claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, as a general rule, when a plaintiff files a new amended complaint, the new amended complaint replaces the older filed complaint and amended complaints. *See Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (stating that, "when a plaintiff files an amended complaint, '[t]he amended complaint super[s]edes the original, the latter being treated thereafter as non-existent'"). Thus, the Court dismisses the amended complaints without prejudice and grants Plaintiff one last chance to file a properly drafted second amended complaint in this case.

If Plaintiff chooses to file a second amended complaint, she is advised that a second amended complaint supersedes (replaces) the original complaint and her various amended complaints and, thus, the second amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's second amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit but must comply with the Federal Rules of Civil Procedure ("FRCP"). Moreover, Plaintiff should file the second amended complaint on this Court's approved prisoner civil rights form to help her comply with this order, and it must be titled "Second Amended Complaint."

The Court recognizes that Plaintiff has a lot of information that she wants to share with the Court. However, the Court does not need every piece of information at this time. To draft a second amended complaint, Plaintiff should take note of FRCP 8, 10, 18, and 20.

Plaintiff's second amended complaint must contain "a short and plain statement of

the claim showing that [Plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). "Each allegation must be simple, concise, and direct." *Id.* at (d)(1). A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id*.

The function of the second amended complaint is *not* to list every single fact relating to Plaintiff's claims. If Plaintiff wishes to amend her amended complaint, she must set forth her claims in a simple, concise, and direct manner to meet the requirements of FRCP 8. A basic lawsuit is a single claim against a single defendant. FRCP 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. FRCP 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." However, *unrelated claims that involve different defendants must be brought in separate lawsuit*s. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (holding that "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner"). This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that inmates pay the required filing fees for their lawsuits and prevent inmates from circumventing the three strikes rule under the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(g).

**B.     Motions for Injunctive Relief**

As discussed above, Plaintiff does not have a proper amended complaint before the Court. As such, the Court denies the seven motions for injunctive relief (ECF Nos. 68, 83, 87, 88, 93, 94, 95) because there are no current claims upon which the Court could grant relief. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) (holding "[a] court's equitable power lies only over the merits of the case

or controversy before it. When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction").

### C. Miscellaneous Motions

The Court denies as moot Plaintiff's three motions for an extension of time to file her amended complaint. (ECF Nos. 72, 73, 98.)

The Court denies Plaintiff's request to have the Court send her free copies of her exhibits in ECF No. 74. (ECF No. 92.) The Court cannot provide copies or mailing service for parties, even indigent plaintiffs proceeding *in forma pauperis*. If Plaintiff wishes to receive copies of electronically filed documents from the Court, the cost is $0.10 per page. *See* LR IC 1-1(i)(5); 28 U.S.C. § 1914. Moreover, the Court notes that Plaintiff does not need to submit any exhibits at this stage of the litigation.

The Court denies Plaintiff's motions to schedule mediation. (ECF Nos. 101, 102, 104.) This case is not eligible for mediation at this stage of the litigation.

The Court also denies Plaintiff's motion for removal of entity listed. (ECF No. 105.) Although not clear, the Court believes Plaintiff is still trying to have Florence McClure Women's Correctional Center ("FMWCC") removed from the docket sheet. As explained in previous orders, "[t]he Court recognizes that Plaintiff is proceeding *pro se* and representing herself; however, to send her documents through e-filing, the Court must list FMWCC and the FMWCC e-filing email address as Plaintiff's representative. The Court denies the motion because it knows that FMWCC is not Plaintiff's representative but rather listed as such for e-filing purposes." (ECF No. 12 at 12).

### D. Warning about Filing Excessive Motions

The Court notes that there are 106 docket entries in this case and that Plaintiff has not yet submitted a properly filed complaint ready for screening. The Court warns Plaintiff that filing excessive motions on issues that are not procedurally applicable to the litigation at this time does *not* increase the speed in which the Court is able to proceed with this case. The Court has a heavy docket and Plaintiff's case is just one of hundreds before the Court. Plaintiff's excessive filings only *slow* the pace of this litigation by requiring the

Court's attention and consideration of small and secondary matters instead of the central issues in this case.

## II.  CONCLUSION

It is therefore ordered that the "amended complaints" (ECF Nos. 67, 70, 77, 79, 80, 81, 82, 97, 100) are dismissed in their entirety with leave to amend to file a second amended complaint that complies with the Federal Rules of Civil Procedure.

It is further ordered that, if Plaintiff chooses to file a second amended complaint curing the deficiencies of her nine amended complaints, as outlined in this order, Plaintiff will file the second amended complaint on or before January 29, 2024.

It is further ordered that the Clerk of the Court will send to Plaintiff the approved form for filing a § 1983 complaint and instructions for the same. If Plaintiff chooses to file a second amended complaint, she should use the approved form and mark "Second Amended Complaint" in the caption.

It is further ordered that, if Plaintiff fails to file a second amended complaint curing the deficiencies outlined in this order, the Court will dismiss this action without prejudice.

It is further ordered that the motions for injunctive relief (ECF Nos. 68, 83, 87, 88, 93, 94, 95) are denied.

It is further ordered that the motions for extension of time (ECF Nos. 72, 73, 98) are denied as moot.

It is further ordered that the motion for copies (ECF No. 92) is denied.

It is further ordered that the motions to schedule mediation (ECF Nos. 101, 102, 104) are denied.

It is further ordered that the motion for removal of entity listed (ECF No. 105) is denied.

DATED THIS 27th day of December 2023.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE