# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KATHERINE DEE FLETCHER,

    Plaintiff,

v.

DREESEN, et al.,

    Defendants.

Case No. 2:22-cv-01777-MMD-NJK

**Order**

[Docket No. 155]

    Pending before the Court is Plaintiff's motion to reactivate earlier-filed motions. Docket No. 155. The prior motions were previously denied. *See* Docket No. 107 at 3-4 (denying motion for injunctive relief, Docket No. 95, because there were no current claims); Docket No. 138 at 1, 4 (denying without prejudice various motions, Docket Nos. 131, 132, 133, 134, and 136, because they were filed in violation of the stay); *see also* Docket No. 142 (denying motion for reconsideration).

    Motions for relief must be complete, in and of themselves, and must be filed as separate documents for each type of relief being sought. *See, e.g.*, Local Rule IC 2-2(b). The Court does not generally permit incorporation by reference in motion practice because, among other reasons, it creates confusion as to what exactly is being sought based on what circumstances. *See, e.g.*, *Lescinsky v. Clark Cnty. Sch. Dist.*, 539 F. Supp. 3d 1121, 1129 n.8 (D. Nev. 2021). Hence, the Court cannot piece together from different filings claims or arguments. *See, e.g.*, Docket No. 107 at 2. The Court also again warns Plaintiff against filing excessive motions. *See, e.g.*, *id.* at 4-5.

. . . .

. . . .

. . . .

In light of the above, the motion to reactive the earlier-filed motions is **DENIED**. Docket No. 155. If Plaintiff seeks relief from the Court at this time, she must file stand-alone motions that do not incorporate by reference arguments raised elsewhere. Moreover, a separate motion must be filed as to each type of relief being sought.

IT IS SO ORDERED.

Dated: November 21, 2024.

_____
Nancy J. Koppe
United States Magistrate Judge