UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KATHERINE DEE FLETCHER,<br><br>                             Plaintiff,<br>      v.<br>DREESEN, *et al.*,<br>                             Defendants. | Case No. 2:22-cv-01777-MMD-NJK<br><br>ORDER |

### I.   SUMMARY

*Pro se* Plaintiff Katherine Dee Fletcher, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC") at Florence McClure Women's Correctional Center ("FMWCC"), asserts claims under 42 U.S.C. § 1983 for events that occurred between September 12, 2022, and October 14, 2022, when she was placed in an isolation cell for 33 days. (ECF No. 116.). Following screening of Plaintiff's second amended complaint ("SAC"), the Court permitted Plaintiff to proceed on four claims: (1) A First Amendment free exercise of religion claim based on allegations she was placed in isolation after she declined a medical injection based on her religion—Plaintiff is a member of Jehovah's Witnesses (claim 1); (2) an Eighth Amendment conditions-of-confinement claim based on allegations Plaintiff was subjected to black mold and slippery floors (claim 2); (3) a denial of access to the courts claim based on Plaintiff's inability to communicate with her attorney for her direct criminal appeal (claim 4); and (4) a deliberate indifference to serious medical needs claim based on exposure to black mold exacerbating Plaintiff's preexisting health issues and causing other health issues (claim 5). (ECF No. 127.)  In response, Defendants filed a motion to dismiss, arguing that they are entitled to qualified immunity on all four claims and that Plaintiff's fourth claim, for denial of access to the courts, is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).

(ECF No. 159). The Court extended the deadline for Plaintiff's response to January 2, 2025. (ECF Nos. 175, 180.) Cabined between the Court's orders clarifying the response deadline, Plaintiff filed other motions seeking numerous forms of miscellaneous relief. For purposes of judicial economy and in light of Plaintiff's pro se status, the Court will address these pending motions and grant a final extension of the deadline for Plaintiff to respond to Defendants' motion to dismiss.

## II. DISCUSSION

### A. "Omnibus Motion" (ECF No. 168)

The Omnibus Motion asks for seven separate types of relief, though some are related. Plaintiff requests the following:

(A) "[P]roduction of her entire client file being withheld by Jeremy Baron."

(B) "[A] stay of the tolling of time in which to file opposition to the AG's motion to dismiss currently due on 11/26/2024."

(C) "[A] time extension in which to file the opposition to motion to dismiss upon production of my entire client file."

(D) "[R]ecord inspection due to the altered & falsified documents being pushed thru[sic] NDOC's chain of custody which handles my federal court documents."

(E) "[To] remove adverse NDOC untrust-worthy representation listed for purpose of handling my court documents per points raised in previous section D) . . ."

(F) "[An] order to this representative's captors to accommodate this esquire with access to the internet for legal purposes . . . ."

(G) "[T]o disqualify Aaron Ford & His Office from acting in this case . . . ."

(H) "[An] order of protection from the AG's office for reasons of section G) above, & for order of protection from Nancy Koppe for her participation in such crime."

(ECF No. 168 (emphasis omitted).)

///

Procedurally, the Omnibus Motion violates the Court's Local Rules. In particular, LR IC 2-2(b) provides: "For each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document." Here, the Omnibus Motion asks for seven separate forms of relief. Even if the Court groups the related requests, the motion still contains multiple separate unrelated requests. For example, the requests to stay or extend the deadline to respond to Defendants' motion to dismiss are unrelated to the requests relating to the Nevada Attorney General's Office's representation of Defendants in this case. The Court thus denies the Omnibus Motion as procedurally improper under LR IC 2-2(b).

Even if the Court were to consider the Omnibus Motion on the merits, the Court must deny the motion. On the merits, only the requests to stay and to extend the deadline to respond to Defendant's motion to dismiss (requests (B) & (C)) fall within the Court's authority to consider. But after the Omnibus Motion was filed, the Court extended the response deadline to January 2, 2025, so the request for extension of the November 26, 2024, deadline (request (C)) is moot. (ECF No. 175.)[1] Moreover, the reasons Plaintiff identifies for her requests—mainly the need for her file from her attorney Jeremy Baron— do not serve as a sufficient basis for a stay. It is not clear why Plaintiff needs information her attorney's file, presumably related to her state court cases, to respond to Defendants' motion to dismiss. The Court will deny Plaintiff's request to stay, but for purposes of clarity and given Plaintiff's pro se status, the Court will extend the deadline for Plaintiff to respond to the motion to dismiss.

The other requests in the Omnibus Motion are unrelated to the underlying claims and are not within the Court's authority to grant. For example, the Court has no jurisdiction over Plaintiff's state court cases and cannot compel her attorney in those cases to produce her file as articulate in request (A). Moreover, the Court does not have authority to direct NDOC to provide internet access to Plaintiff or to disqualify the Nevada Attorney

---

[1] Plaintiff later separately moved for an extension of the deadline to respond to Defendants' motion to dismiss. (ECF No. 176.) The Court denied that motion as moot and reminded Plaintiff of the January 2, 2025, deadline. (ECF No. 180.)

General's Office from representing Defendants.

As for Plaintiff's request for a protective order from Judge Koppe, the request is frivolous—but the Court addresses it mainly because of the unfounded allegation as to alleged participation in some unknown crime. Judge Koppe is the Magistrate Judge who presides over this case. While Plaintiff may not agree and indeed is not required to agree with Judge Koppe's rulings, Plaintiff's recourse is to object or appeal her rulings.

In sum, the Court denies the Omnibus Motion.

**B.     "Constructive Move" Motion (ECF No. 177)**

Plaintiff filed a document titled "Constructive Move" where she appears to ask the Court to construe the "Omnibus Motion" in a certain manner, presumably to allow the case to proceed. (ECF No. 177 at 1.) The Court notes, however, that it is not clear what Plaintiff is specifically requesting here. She asks for the Omnibus Motion to be construed "as an incomplete joint motion (per FRCP 12(b) deal'g w/insufficient process matters & 12(g)(1) allow'g joint motion) in which judgment on the merits & waiving limitations of 12(g)(2) are needed, in that once Omnibus Motion issues have been settled, that will allow this Representative to move forward appropriately w/access to the courts via FRCP 12 motions kept available & not limited." (*Id.*) Regardless of how Plaintiff intends for the Court to construe the Omnibus Motion, the Court's resolution of the Omnibus Motion renders the Constructive Move request moot.

**C.     Update Re: Relief Requested (ECF No. 193 ("Motion for Relief")[2])**

As best as the Court can discern, the Motion for Relief explains how Plaintiff has continued to suffer harm arising from the claims in this case as well as other alleged conduct.[3] For example, Plaintiff writes that her "lung damage from the mold mixed with the heart damage from mal-treated anemia/my cardio pulmonary problems became so

---

[2] Plaintiff subsequently filed "Amendment to Docket 193" to assert that she must "reassess the monetary relief requested by [193]" due to an alleged ongoing "pattern of illegal activity." (ECF No. 202 at 1.)

[3] Plaintiff also references allegations that are not related to the claims in this case, including that Jesus Chris saved her life on September 6, 2024, when "they hid [her] away to die"; retaliation by the "SNWCC subset of a Child Sex Crimes & Rape Syndicate"; and alleged violations of due process regarding FOIA. (ECF No. 193 at 1.)

4

severe I often could not walk to the cafeteria at much more than a snails pace . . . ." (ECF No. 193 at 1.) The Court denies the Motion for Relief to the extent Plaintiff asks for remedies outside the scope of her claims. To the extent Plaintiff is trying to identify harm suffered in connection with the claims in this suit, Plaintiff need not present her alleged damages in a motion. Whether Plaintiff is entitled to any damages will be determined by a jury, assuming the Court does not resolve the claims in Defendants' favor as a matter of law.

### III.   CONCLUSION

It is therefore ordered that Plaintiff's Omnibus Motion (ECF No. 168) is denied. But the Court grants an extension of time to March 18, 2025, for Plaintiff to file a response to Defendants' motion to dismiss. No further extension of this deadline will be granted.

It is further ordered that Plaintiff's Constructive Move motion (ECF No. 177) and Motion for Relief (ECF No. 193) are denied.

DATED THIS 18th Day of February 2025.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE