UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KATHERINE DEE FLETCHER,<br><br>                           Plaintiff,<br>     v.<br>DREESEN, *et al.*,<br>                         Defendants. | Case No. 2:22-cv-01777-MMD-NJK<br><br>ORDER |

**I.    SUMMARY**

*Pro se* Plaintiff Katherine Dee Fletcher, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC") at Florence McClure Women's Correctional Center ("FMWCC"), asserts claims under 42 U.S.C. § 1983 for events that occurred between September 12, 2022, and October 14, 2022, when she was placed in an isolation cell for 33 days. (ECF No. 116.). Following screening of Plaintiff's second amended complaint ("SAC"), the Court permitted Plaintiff to proceed on four claims arising out of this period of isolation: (1) A First Amendment free exercise of religion claim based on allegations she was placed in isolation after she declined a medical injection based on her religion—Plaintiff is a member of Jehovah's Witnesses (claim 1); (2) an Eighth Amendment conditions-of-confinement claim based on allegations Plaintiff was subjected to black mold and slippery floors (claim 2); (3) a denial of access to the courts claim based on Plaintiff's inability to communicate with her attorney for her direct criminal appeal (claim 4); and (4) a deliberate indifference to serious medical needs claim based on exposure to black mold exacerbating Plaintiff's preexisting health issues and causing other health issues (claim 5). (ECF No. 127.)

///

///

Before the Court is Plaintiff's Emergency Motion for Injunctive Relief. (ECF No. 194 ("Motion").[1]) Because Plaintiff asks for general reliefs that have no connections to her claims, the Court will deny the Motion.

## II.    DISCUSSION

Plaintiff's Motion is difficult to understand. What is clear to the Court is Plaintiff does not address any claims or relief arising out of her months-long isolation—the claims she has been permitted to pursue in this case. Instead, Plaintiff's Motion asserts that "[t]he case stems from criminal misconduct retaliations aiding a [Childe] sexual assault syndicate." (ECF No. 194 at 1.) Plaintiff goes on to assert alleged criminal conduct involving "Toddler Sex Assault Syndicalism" (*id.* at 2) and "Childe Rape Syndicate" (*id.* at 3-5), and states she is trying to "report a Childe Rape Syndicate to the US Marshal" (*id.* at 6), referring to "My Most Precious Daughter's Case For Her Best Interests" (*id.* at 3). Plaintiff makes generally allegations of retaliation, alleged conduct of the "OAG" (*id.* at 1-2), and issues with processing and handling of her legal mail by the "mailroom" (*id.* at 4). As best the Court can discern, the Motion and reply brief (ECF No. 209) list general grievances unrelated to the claims proceeding in this case.

Plaintiff also fails to identify what preliminary injunctive relief she is requesting. "'An injunction is a matter of equitable discretion' and is 'an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.'" *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) (quoting *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22, 32 (2008)). To qualify for a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm; (3) that the balance of equities favors the plaintiff; and (4) that the injunction is in the public interest. *See Winter*, 555 U.S. at 20. Here, Plaintiff has not shown how the allegations in her Motion are related to her claims, let alone satisfied any of these factors to obtain preliminary relief.

---

[1] Defendants responded (ECF No. 203) and Plaintiff replied (ECF No. 209). The Court grants Plaintiff's motion for a brief extension of time to file her reply (ECF No. 206).

Moreover, under the Prison Litigation Reform Act, preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

In sum, Plaintiff has not demonstrated that she is entitled to preliminary injunctive relief.

### III. CONCLUSION

It is therefore ordered that Plaintiff's Emergency Motion for Injunctive Relief (ECF No. 194) is denied.

It is further ordered that Plaintiff's motion for extension of time to file reply (ECF No. 206) is granted.

DATED THIS 6th Day of March 2025.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　MIRANDA M. DU
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE