# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KATHERINE DEE FLETCHER,

    Plaintiff(s),

v.

DREESEN, et al.,

    Defendant(s).

Case No. 2:22-cv-01777-MMD-NJK

**ORDER**

[Docket Nos. 210, 224]

Plaintiff filed a demand for freedom of information, Docket No. 210, along with an affidavit in support, Docket No. 211. Plaintiff filed a notice of err, explaining that her affidavit was not accurate. Docket No. 213. Plaintiff also filed a request for submission, seeking a decision on the above demand for freedom of information. Docket No. 224.

As explained recently by United States District Judge Miranda M. Du, this case is about the following:

> Pro se Plaintiff Katherine Dee Fletcher, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC") at Florence McClure Women's Correctional Center ("FMWCC"), asserts claims under 42 U.S.C. § 1983 for events that occurred between September 12, 2022, and October 14, 2022, when she was placed in an isolation cell for 33 days. Following screening of Plaintiff's second amended complaint ("SAC"), the Court permitted Plaintiff to proceed on four claims arising out of this period of isolation: (1) A First Amendment free exercise of religion claim based on allegations she was placed in isolation after she declined a medical injection based on her religion—Plaintiff is a member of Jehovah's Witnesses (claim 1); (2) an Eighth Amendment conditions-of-confinement claim based on allegations Plaintiff was subjected to black mold and slippery floors (claim 2); (3) a denial of access to the courts claim based on Plaintiff's inability to communicate with her attorney for her direct criminal appeal (claim 4); and (4) a deliberate indifference to serious medical needs claim based on exposure to black mold exacerbating Plaintiff's preexisting health issues and causing other health issues (claim 5).

Docket No. 212 at 1 (internal citations omitted). In denying Plaintiff's emergency motion for injunctive relief, Judge Du also made clear that the Court is the forum to adjudicate the claims that

Plaintiff brings in this case; it is not a proper forum to seek miscellaneous relief unrelated to those claims. *See id.* at 2.

Although difficult to follow, the instant motion practice appears to focus primarily on seeking information to expose an alleged "Black Market [Baby & Childe] Sex Trade," *see, e.g.*, Docket No. 210 at 2, but also raises other grievances and allegations of misconduct, *see, e.g.*, Docket No. 212 at 2-5 (addressing recent housing of transgender inmate).[1] The instant motion fails to show how the relief sought is related to the claims in this case.

Accordingly, Plaintiff's demand for freedom of information is DENIED. Plaintiff's request for submission is DENIED as moot.

IT IS SO ORDERED.

Dated: April 10, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] Plaintiff accuses the undersigned of misconduct earlier in this case. *See* Docket No. 201 at 2-3. The Court notes that a litigant's displeasure with earlier rulings or proceedings in their case is not ground for recusal. *See, e.g.*, *Liteky v. United States*, 510 U.S. 540, 554-56 (1994); *Taylor v. Regents of the Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993). The Court also notes that Judge Du has already found the accusations of misconduct to be unfounded. Docket No. 204 at 4.