UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| KATHERINE DEE FLETCHER, | Case No. 2:22-cv-01777-MMD-NJK |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| DREESEN, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Katherine Dee Fletcher, who is incarcerated in the custody of the Nevada Department of Corrections, asserts claims under 42 U.S.C. § 1983 for events that occurred between September 12, 2022, and October 14, 2022, when she was placed in an isolation cell for 33 days. (ECF No. 116.) Following screening of Plaintiff's second amended complaint, the Court permitted Plaintiff to proceed on four claims: (1) A First Amendment free exercise of religion claim based on allegations she was placed in isolation after she declined a medical injection based on her religion—Plaintiff is a Jehovah's Witness (claim 1); (2) an Eighth Amendment conditions of confinement claim based on allegations Plaintiff was subjected to black mold and slippery floors (claim 2); (3) a denial of access to the courts claim based on Plaintiff's inability to communicate with her attorney for her direct criminal appeal (claim 4); and (4) a deliberate indifference to serious medical needs claim based on exposure to black mold exacerbating Plaintiff's preexisting health issues and causing other health issues (claim 5). (ECF No. 127.) In response, on November 8, 2024, Defendant filed a motion to dismiss—which did not become fully briefed until March 28, 2025, because the Court granted several extensions of time. (ECF Nos. 159, 216, 218.) The Court has not yet ruled on that motion because Plaintiff currently has two appeals pending from other rulings in this case.

Plaintiff has specifically appealed: (1) an order denying Plaintiff's motion for

preliminary injunction; and (2) an order denying Plaintiff's demand for information. (ECF Nos. 220, 236.) But then, on May 7, 2025, Plaintiff filed a motion for voluntary dismissal of her whole case without prejudice. (ECF No. 244 ("Motion").) As discussed below, the Court will construe the Motion as requesting an indicative ruling and so construed, the Court will provide an indicative ruling.

"[T]he filing of a notice of appeal generally divests the district court of jurisdiction over matters appealed[.]" *Pro Sales, Inc. v. Texaco, U.S.A.*, 792 F.2d 1394, 1396, n.1 (9th Cir. 1986). Accordingly, the Court lacks jurisdiction to grant Plaintiff's Motion because of her pending appeals. But Fed. R. Civ. P. 62.1 provides that, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a). And the Court exercises its discretion to take the third approach even though Plaintiff has not explicitly filed a motion for indicative ruling because of Plaintiff's pro se status and apparent lack of understanding of the appellate process—as evidenced by the number of appeals of non-appealable orders she has filed in this case. *See Mendia v. Garcia*, 874 F.3d 1118, 1121 (9th Cir. 2017) (finding that "a FRCP 62.1 motion" is not "a prerequisite for ordering a limited remand" and noting that "courts have been willing to construe district court actions as indicative rulings even when" no such motion was filed). (*See also, e.g.*, ECF No. 236 (appealing an order denying demand for information); ECF No. 106 (dismissing appeal for lack of jurisdiction); ECF No. 153 (same).)

The Court accordingly construes Plaintiff's Motion as a motion for indicative ruling under Fed. R. Civ. P. 62.1(a) as to whether the Court would grant dismissal without prejudice and deny the pending motion to dismiss as moot if the United States Court of Appeals for the Ninth Circuit remands Plaintiff's appeals. Plaintiff states she wishes to be done with this case and urges the Court to treat her request as a good faith effort deserving of thought and consideration. (ECF No. 244 at 3.) The Court endeavors to treat

Plaintiff's request with such consideration regardless of the procedural posture Plaintiff has wedged this case into—and thus treats her Motion as one for an indicative ruling. So construed, the Court states that it would grant Plaintiff's Motion if the Ninth Circuit remanded for that purpose.

In addition, and considering Plaintiff's pro se status, the Court directs the Clerk of Court to transmit a copy of this order to the Clerk of Court at the Ninth Circuit in connection with Plaintiff's two pending appeals (case no. 25-2347 (ECF No. 231) and case no. 25-2707 (ECF No. 241)).

The Court awaits further instruction from the Ninth Circuit on how to proceed.

DATED THIS 9th Day of May 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE